## Commonwealth v. Fulop.

*Judgment—Judgment on capias—Suit on bond—When issuance of fi. fa. and ca. sa. not necessary—Practice, C. P.*

1. Where a judgment has been recovered in an action of trespass instituted upon a *capias*, it is not necessary to issue a *fi, fa.* and *ca. sa.* as a prerequisite to a suit on the bond for the amount of the judgment if it is well known and admitted by both sides that defendant in the *capias* has fled the country and has no property.

2. The law does not require a vain thing as the foundation for a valid remedy.

Rule for judgment *non obstante veredicto*. C. P. Northampton Co., July T., 1923, No. 45.

*Smith, Paff & Laub,* for plaintiff; *D. L. McCarthy,* for defendant.

STOTZ, J.—The plaintiff, Macsi, brought a suit in trespass against George Fulop upon a *capias* and recovered a verdict for $250. When arrested, the

Commonwealth *v.* Fulop.

defendant furnished the usual bond in the sum of $500, with Frank Fulop as surety. The defendant did not appear at the trial and no defence was offered by or for him. He had left this country and returned to his home in Europe, where he has ever since remained. This is a fact which is not denied by the defendant in the present action.

After the plaintiff had secured his judgment against George and found himself unable, for the reason above stated, to collect it from him, he resorted to the bond and brought this suit upon it. At the trial, no defence was interposed, but a point was submitted that, under all the law and the evidence, the verdict must be for the defendant. We directed a verdict for plaintiff for $250 and costs, reserving the point, and we now have before us a motion by defendant for judgment *n. o. v.*

No writ of *fi. fa.* or *ca. sa.* was issued against George after judgment was obtained in the original suit, and, consequently, no return was made by the sheriff to any such writ. Suit was directly brought upon the bond without any previous attempt to pursue George for the money. Counsel for the present defendant, the surety on the bond, took the position at the trial, and still maintains it upon the present motion, that the suit on the bond was premature and cannot be resorted to in default of a previous writ of *fi. fa.* and *ca. sa.,* with a return by the sheriff that the defendant has nothing and cannot be found.

To sustain his contention, counsel has referred us to Com. *v.* Mecolic, 28 Pa. C. C. Reps. 593; Com. *v.* Shapiro, 30 Dist. R. 208; 1 Troubat & Haly, 341, and 6 Corpus Juris, 930. It will be noted, however, that what is said in these cases and authorities is predicated upon the fact, or at least upon the possibility, that the principal may have property out of which the judgment may be satisfied or that he may be taken personally. The surety is entitled to have that ascertained and settled in the method provided by law before he can be called upon to make his obligation good. The purpose of the writ of *ca. sa.* in a situation of this kind is either to bring in the defendant or to show in a definite manner that he is gone and cannot be found or apprehended. But in our case there is no uncertainty about the matter. There is no possibility that he can be found in the jurisdiction or that he left any property behind him. It is a definite fact, known to both the plaintiff and the present defendant, that he went back to Europe, whence he came, before the original suit was brought to trial, and that he has remained there ever since. Therefore, it is also a fact known to both parties that the issuance of a preliminary writ of *ca. sa.* and a return thereon of *non est inventus* would be but a mere empty gesture, resulting in nothing but additional costs. The reason for the rule discussed in the authorities above cited does not here exist. The law does not require a vain thing as the foundation for a valid remedy. It has been held in this connection, for example, that whenever the principal would have a right, for any reason, to be immediately discharged from custody were he surrendered, the surrender of the principal is a useless formality which may be dispensed with in having the bail exonerated: 6 Corpus Juris, 920, and cases there cited. If our view of the matter seems at variance with the cases cited by defendant's counsel, we find full support for the conclusion we have reached in the case of Slish *v.* Stoezka, 27 Dist. R. 1046.

Now, July 6, 1925, motion for judgment *non obstante veredicto* is refused and rule discharged, and judgment is directed to be entered on the verdict in favor of the plaintiff upon payment of the jury fee, and the evidence taken upon the trial is certified and filed and made part of the record.

From Henry D. Maxwell, Easton, Pa.